ROBERT J. DI GIOVANNA, PLAINTIFF-APPELLANT, v. DEPARTMENT OF CIVIL SERVICE AND RALPH P. SHAW, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 13, 1979—Decided February 23, 1979.

---

[2]No such application had ever been made by these plaintiffs during the course of the pendency of the Chaplan investigation and trial, a now concluded matter.

Before Judges FRITZ and BISCHOFF.

*Messrs. Zazzali, Zazzali & Whipple,* attorneys for appellant (*Mr. Lawrence A. Whipple, Jr.* on the brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondents (*Ms. Erminie L. Conley,* Assistant Attorney General, of counsel; and *Mr. Henry D. Blinder,* Deputy Attorney General, on the brief).

PER CURIAM. This is an appeal from a final determination of the Civil Service Commission (Commission) upholding the validity of an oral examination for Assistant Chief Probation Officer, Essex County. In a prior appeal to this court we held that the Commission's summary dismissal of appellant's charge that the test was discriminatory without affording him a plenary hearing was error. We remanded to the Department of Civil Service for a plenary hearing with specific findings and conclusions to be made as to "(1) whether the appellant was tested under conditions similar to those prevailing at the testing of other candidates, and (2) whether his performance at the examination was measured by the same standards and criteria as that of the other candidates." *McGarrity v. Dept. of Civil Service*, 140 *N. J. Super.* 536, 541-543 (App. Div. 1975), certif. den. as to *DiGiovanna*, 70 *N.J.* 152, 153 (1976)[1]. On remand a hearing was held and the Commission affirmed the dismissal of the discrimination claim adopting the findings and conclusions of the hearing officer. We affirm.

Essentially, appellant's argument is that it was patently unreasonable for him to be tested by an administrator and one consultant while the other five candidates were tested by an administrator and two consultants. One of the consultants removed himself from the testing of appellant because of possible prejudice arising out of a previous encounter with him. Therefore, appellant was tested by only one consultant, and it was that consultant who failed him. The other five candidates received passing grades.

The pertinent findings adopted by the Commission were that:

5. The format of the questions asked of all six candidates, including Mr. DiGiovanna, was the same, having been prepared in ad-

---

[1]As to the other petitioners in that appeal, McGarrity and Fiore, who were appealing from a different test, the Supreme Court granted certification and summarily reversed the decision of the Appellate Division. 70 *N. J.* 153 (1970).

vance. There was no substantial variation in follow-up questions asked to each applicant.

6. The questioning of all six applicants was level throughout.
7. The standards used in analyzing and grading all six candidates were the same for all of them.
8. The format and grading of the examination did not vary or change as to Mr. DiGiovanna because of the absence of one examiner.
9. Mrs. Chevers, the remaining substantive Examiner, who interviewed Mr. DiGiovanna, was competent and capable. She followed the prescribed format and standards as to Mr. DiGiovanna in the same manner as was done with the other five candidates when Mr. Saltman was also present. She analyzed the interview and indicated a failing grade for Mr. DiGiovanna easily and immediately.
10. No evidence of unfairness or variation in standards resulting from the absence of one Examiner was adduced in the case of Mr. DiGiovanna.

A review of the record satisfies us that there is sufficient credible evidence to support the above findings and conclusions of the Commission. Appellant has failed to affirmatively show that the examination was "manifestly corrupt, arbitrary, capricious or conspicuously unreasonable." *Rox v. Civil Service Dep't,* 141 *N. J. Super.* 463, 467 (App. Div. 1976); *Artaserse v. Civil Service Dep't,* 37 *N. J. Super.* 98, 105 (App. Div. 1955); *cf. Herbert v. State,* 162 *N. J. Super.* 449 (App. Div. 1978).

In *Rox, supra,* 141 *N. J. Super.* at 468, we found an "overwhelming probability" that one team during a multi-team oral examination has applied the evaluative guidelines and graded the candidates on a more stringent basis than the other teams and invalidated the testing. However, such evidence is lacking in the present case, where appellant was tested and graded by a consultant who also took part in the other testing and "easily and immediately" entered a failing grade for appellant. Multi-team oral examinations are not, by virtue of that fact alone, noncompetitive and therefore illegal. *Herbert v. State, supra.*

Affirmed.